## MEMORANDA.

### Michigan Central Railroad Co. et al. v. Probate Judge for Tuscola County.

*Probate business—Order of confirmation—Continuance.*

A probate order confirming the report of commissioners upon the condemnation of land for a crossing of railways is invalid if made out of term without notice to the respondent.

The probate court cannot direct a continuance in condemnation proceedings pending before commissioners appointed by it.

The probate court is always open for ordinary routine business, but there must be regular terms for contested matters (Comp. L. § 5231) and proceedings in which a party has a right to be heard cannot be brought up at other times except on notice.

Mandamus. Submitted and granted April 18.

From the papers in this case it appears that proceedings were taken for the condemnation of lands in which relator is concerned, on the application of another railroad company; that the respondent appointed commissioners who met on the 25th day of November, 1881, agreed upon and made up their report and filed it with the respondent; that at the time of filing the parties were not present by counsel, but the respondent returns that the court had been

held open by continuance during the pendency of the proceedings, and he thereupon entered an order confirming the report. On December 5 following, which was the first Monday of the month, counsel for the relator filed, in the office of respondent, objections to the confirmation of the report; and they had not at that time learned that any order of confirmation had been entered.

*Henry Russel* and *Alfred Russell* for relators.

BY THE COURT. The judge of probate assumes that under the statute the confirmation was regular, because the statute requires it to be confirmed on the next or any subsequent day after the filing when the court is in session. General Laws 1873, p. 517, § 22. To reach this conclusion it is necessary to hold either that the probate court is always open for business, so that every day when the judge shall act is court day, or else that the continuance pending the proceeding kept the court in session. Neither position is tenable. The probate court is always open for ordinary routine business, but for contested matters the statute contemplates there shall be regular terms—Comp. L., § 5231—and proceedings in which a party has a right to be heard cannot be brought up at other times except on notice. The continuance of which the judge speaks in this case was of no force. The proceeding was before commissioners whom he had appointed, it is true, but it was not in court, and the court could not direct any continuance in respect to it. The order of confirmation was therefore without authority and must be vacated.

Writ issued.